**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

      **v.**                    **CASE NO. 4:09CR00099 BSM**

**RANDEEP MAN; and**
**SANGEETA MANN, a/k/a SUE MANN**                              **DEFENDANTS**

<u>**ORDER**</u>

Defendant Sangeeta Mann's motion to dismiss count seven of the superseding indictment (Doc. No. 53) is denied.

A seven count superseding indictment was filed herein on August 6, 2009, in which counts one through five set forth allegations against Randeep Mann and counts five through seven set forth allegations against his wife, Sangeeta Mann ("Mann"). Count seven alleges that  Mann violated Title 18 United States Code § 1623, when she knowingly gave false testimony to a grand jury that was convened to investigate her husband.  Count seven notes that Mann testified that she removed checks from her husband's desk because she thought they would be safer at home than in an empty office.  Count seven further alleges that this was a knowingly false statement regarding  a material matter and that Mann removed the checks because she was instructed to do so by her husband and not for the safety of the checks.

Mann moves to dismiss count seven arguing that it does not show that her statements to the grand jury were false, that the checks in question were material to the investigation, or that she had a willful intent to lie to the grand jury.  Mann argues that her statements were

not false and asks the court to take judicial notice that signed blank checks would be safer in a home where people live than in an unoccupied structure.

The government argues that count seven contains all the essential elements of the offense charged and sufficiently notifies the defendant of the charges against which she must defend. The government also argues that count seven provides the specific statement the government alleges was false and the reason the government believes the alleged statement was false. Finally, the government argues that the defendant's motion improperly requests the court to invade the province of the jury and make a pre-trial determination regarding the sufficiency of the evidence the government will present at trial.

An indictment is sufficient if it "contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Cavins*, 543 F.3d 456, 458 (8th Cir. 2008)(quoting *United States v. Fleming,* 8 F.3d 1264, 1265 (8th Cir. 1993)). Pursuant to 18 U.S.C. § 1623, it is a crime for a person to knowingly make "any false material declaration" under oath "to any court or grand jury of the United States." *United States v. Hirsch*, 360 F.3d 860, 863 (8th Cir. 2004). Generally, the court will not grant a motion to dismiss based on factual elements of the offense which are within the purview of the jury to decide at trial. *Id*; *see United States v. Robbins*, 997 F.3d 390, 395 (8th Cir. 1993) (stating "absent fundamental ambiguity or imprecision in the question, the meaning and truthfulness of a declarant's answer is for the jury"). "The court simply cannot approve dismissal of an

2

indictment on the basis of predictions as to what the trial evidence will be." *United States v. Mata-Lara,* 527 F.Supp.2d 887, 892 (N.D. Iowa 2007)(citing *United States v. Ferro,* 252 F.3d 964, 967-68 (8th Cir. 2001).

In count seven, the government alleges that Mann knowingly made a materially false statement under oath during her grand jury testimony when she stated that the only reason she removed checks from her husband's desk was because she thought they would be safer at home than in an empty office.  The indictment tracks the language of the appropriate statute, contains all of the essential elements of the offense charged, and informs the defendant of the charge against which she must defend, enabling her to plead an acquittal or conviction in bar of future prosecution for the same offense.  Moreover, the factual and evidentiary concerns raised by Mann's motion to dismiss are the proper purview of the finder of fact.

For these reasons, Mann's motion to dismiss is denied and her request that the court take judicial notice regarding the safety of the checks is denied.

Accordingly, defendant Sangeeta Mann's motion to dismiss count seven of the superseding indictment is denied.

IT IS SO ORDERED THIS 15th day of December 2009.

_____
UNITED STATES DISTRICT JUDGE